Green, J.
delivered the opinion of the court.
This is a motion against the sheriff of Jefferson county for the county revenue.
The motion on the record is, “for failing to collect and pay over, according to law, the county revenue for the county of Jefferson, for the year 1843, with which he, the said Benjamin F. Newman, stands chargeable.”
The judgment recites that, at the time the motion was made in this case, the defendant was chargeable with the sum of 13,022 77 cents, the county revenue for 1843, and that he had paid to the trustee of the county the said sum, deducting his commissions, after the motion in this case was entered — judgment is therefore rendered against him for the *25 sum of $355 30 cents, being the damages at 12i per cent, on the said sum of $3,022 77 cents.
1. It is insisted that the court erred in rendering judgment for the damages, as the motion entered of record does not claim damages.
The act of 1835, ch.15, sec. 15, provides, that if the sheriff neglect or refuse to settle and pay over to the trustee, as directed by law, it shall be the duty of the trustee'of the county to move for judgment, in the name of the chairman, with 12i per cent, damages, for the amount of the taxes due from such sheriff.
By this act, the damages are given as an incident to the judgment, and need not be demanded in express terms in the entry of the motion of record. The act of Assembly says, the trustee shall move for judgment on the bond, with 1 Sí-per cent, damages, for the taxes’, and therefore the taxes are recoverable with 12i per cent, damages. The act does not say the trustee shall move for 12¶ per cent, darnages — but he shall move for the taxes with 12i- per pent, damages. The meaning is, that he shall move for the taxes, and shall be entitled to recover the amount due, with 12i per cent. damages thereon.
2. It is further insisted that by the act of 1843, ch. 103, sec. 5, a different penalty is prescribed from the one affixed by the act of 1835; and, therefore, so much of the act of 1835 as allows the recovery of 12í per cent, damages, is repealed by implication.
The section referred to is in these words: “That no commission shall hereafter be allowed any collecting officer, for collecting and paying over any public money, unless such officer shall, make settlement, as required by law, with the Comptroller; and in taking judgment against any delinquent officer, six per cent interest on the amount he. has failed to pay over shall be added; and the Attorney General shall be entitled to a fee of ten dollars for prosecuting to judgment any such delinquent and his securities, or either, to be taxed in the bill of costs and paid by the defendants, and no other fee or commission shall in any case be allowed Attorneys Ge *26 neral for services to the State in the collection of the public revenue.”
It is manifest from this whole section that the Legislature were annexing additional penalties for official delinquencies, and were not substituting the provisions of this act in lieu of the penalties created by previous statutes.
They say, that “six per cent, interest on the amount he has failed to pay shall he added”
Before this act, interest was not recoverable. Damages at 12|- per cent, were given in lieu thereof. But, by this act, interest shall he added to the recovery of 12|- per cent, damages.
Affirm the judgment.